IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN JOHNSON

                    Petitioner,                  OPINION AND ORDER

   v.                                      10-cv-350-slc[1]

JEFFREY PUGH, Warden,
Stanley Correctional Institution.

                    Respondent.

---

      Stephen Johnson has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the $5 filing fee.  The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Johnson is challenging the decision of the Milwaukee County Circuit Court to deny him bail pending appeal of his 2009 conviction for robbery with threat of force.

FACTS[2]

      On August 26, 2009 after a jury trial, petitioner Steven Johnson was convicted in Milwaukee County Circuit Court of robbery with threat of force.  The judgment of conviction was entered on November 2, 2009.  The next day Johnson appealed his conviction.  The trial court denied Johnson's motion for post-conviction relief on April 9,

---

     [1] Because the parties have not yet consented to a definitive role for the Magistrate in this case, Judge Conley is acting for the court for the purpose of issuing this order.

     [2]The following facts are drawn from the petition and a review of the state circuit court's electronic docket sheets, available at http://wscca.wicourts.gov.

2010.  Johnson appealed this decision.

On April 23, 2010, Johnson filed a motion for release on bond pending appeal.  On April 28, 2010, the trial court denied his motion without a hearing.  The court's decision stated in pertinent part:

> The defendant is currently serving a substantial sentence for a serious offense.  Given the nature of the offense and the length of the sentence, the court finds the defendant would present a risk to the public and a risk for purposes of appearing to serve his sentence if the motion were granted.  In addition and of equal importance, there is not a reasonable likelihood of success on appeal based on the issues he raised in his postconvition motion.

Petitioner's petition, Ex. A.

On May 25, 2010, the Wisconsin Court of Appeals denied Johnson's motion challenging the trial court's denial of bail pending appeal because he failed to attach to his motion a copy of the judgment of conviction.  On June 4, the court of appeals denied Johnson's motion for reconsideration because he filed a copy of the judgment of conviction too late.  On June 18, 2010, the Wisconsin Supreme Court denied Johnson's petition for review of the court of appeals decision.

OPINION

A federal court may grant a writ of habeas corpus only if the petitioner shows that he is in custody in violation of the laws or treaties or Constitution of the United States.  28 U.S.C. § 2254.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, then the district court must dismiss the petition.  Rule 4

2

of the Rules Governing Section 2254 Cases.  Under Rule 4, the district court may dismiss a petition summarily if it determines that the petition "raises a legal theory that is indisputably without merit" or contains factual allegations that are "palpably incredible." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).  If the court finds that the allegations in the petition are sufficient to state a colorable constitutional claim, then it must order the state to respond.  Because petitioner is proceeding *pro se*, the court construes the petition liberally.  *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009).

In this petition, Johnson is not challenging his conviction.  Rather, he is claiming that his custody is unconstitutional because the state court denied him bail pending the resolution of the appeal of his conviction.  He contends that he has exhausted his state remedies.  From his exhibits, it is apparent that:  (1) Johnson filed an appeal of the trial court's decision in the Wisconsin Court of Appeals; and (2) the court did not reach the merits of his appeal because he failed to comply with Wis. Stat. Rule 809.31(5) by attaching a copy of the judgment of conviction.

A prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief.  *Moleterno v. Nelson*, 114 F.3d 629, 633 (7th Cir. 1997) (citing cases).  Principles of comity require that the habeas petitioner present his federal constitutional claims initially to the state courts in order to give the state the "'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'"  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted)).  Claims are exhausted when they have been presented to the highest state

court for a ruling on the merits of the claims or when state remedies no longer remain available to the petitioner.  *Engle v. Isaac*, 456 U.S. 107, 125 n.28, (1982); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.").  When a petitioner raises claims that have not been exhausted in state court and state remedies remain available, the federal court must dismiss the petition without prejudice to allow the petitioner to return to state court.  *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

When the petitioner has already pursued state court remedies (as Johnson clearly has), but failed to present his claims properly to the state courts along the way, "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the separate but related doctrine of procedural default."  *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).  Under the procedural default doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred, or (2) presented his claim to the state courts but the state court dismissed the claim on an independent and adequate state procedural ground.  *Perruquet*, 390 F.3d at 514 ; *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *Chambers v. McCaughtry*, 264 F.3d 732, 737-38 (7th Cir. 2001).

Johnson has presented his claim to the state courts, but the state courts dismissed the claim on an adequate and independent state procedural ground.  He failed to comply with

the state court's rule to submit a copy of the judgment of conviction with his appeal from the trial court's decision denying him bail on appeal.  Thus, he is procedurally defaulted on his claim.

A federal court cannot reach the merits of a procedurally defaulted claim unless the petitioner demonstrates (1) cause for the default and actual prejudice from failing to raise the claim as required, or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." *Steward v. Gilmore*, 80 F .3d 1205, 1211-12 (7th Cir. 1996) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).  To meet the "cause" requirement, there must have been some external impediment that prevented petitioner from raising the claim. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Johnson has failed to show any external impediment that prohibited him from complying with the state court's rule.  More importantly, he has shown no prejudice from his failure to raise the claim.  While the trial court did not comply with Wis. Stat. § 809.31(2) by holding a hearing, the trial judge had recently sentenced Johnson and gave a list of the reasons that release pending appeal was not warranted.  It is clear from the record that granting Johnson the relief he requests, a hearing on his motion to be released pending appeal, would not result in a different decision.  He has not shown cause for the default or actual prejudice from failing to raise the claim as required.  Furthermore, enforcing the default would not lead to a fundamental miscarriage of justice.  Thus, Johnson is procedurally barred from raising his claim concerning the trial court's denial of bail pending appeal.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or

5

deny a certificate of appealability when entering a final order adverse to petitioner.  To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.  For the reasons stated, reasonable jurists would not debate the decision that Johnson is procedurally barred from bringing this petition for habeas relief and no certificate of appealability will issue.

## ORDER

IT IS ORDERED THAT:

1.  The petition of Steven Johnson  for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

2.     Petitioner is DENIED a certificate of appealability.  Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 3rd day of August, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

6